IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DALE DUFORE,

    Petitioner,                   No. CIV S-09-0537 EFB P

    vs.

R.K. WONG,

    Respondent.                <u>ORDER TO SHOW CAUSE</u>

_____/

    Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. On April 22, 2009, the court dismissed this action without prejudice because petitioner failed to comply with the March 2, 2009 order directing him to file an *in forma pauperis* affidavit or pay the appropriate filing fee. The Clerk of the Court duly entered judgment. Petitioner seeks relief from judgment.

    Pursuant to Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

1

Petitioner claims that he complied with the court's March 2, 2009 order by completing an *in forma pauperis* affidavit, but that prison staff failed to process his outgoing legal mail. Docket No. 12. Petitioner does not, however, submit a copy of his *in forma pauperis* affidavit. Nor does petitioner submit documentation showing that he requested that prison staff send his *in forma pauperis* affidavit to the court.

IT IS THEREFORE ORDERED that petitioner has 20 days from the date of this order to show cause why the court should vacate its judgment. In his response to this order, petitioner must provide a completed *in forma pauperis* affidavit as well as documentation that supports petitioner's representation to the court regarding his attempt to comply with the March 2, 2009 order. The Clerk of the Court is directed to mail to plaintiff a form application for leave to proceed *in forma pauperis*. If petitioner fails to comply with this order, this case will remain closed pursuant to the judgment entered April 22, 2009. Since this case was dismissed without prejudice, petitioner may also pursue his habeas relief by commencing a new action.[1]

Dated: August 18, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is cautioned, however, that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).